IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| BRANDON JAMES, individually and on behalf of all those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.: _____<br>) |
| POLK COUNTY PUBLIC SERVICE, INC., | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

PLAINTIFF BRANDON JAMES ("Plaintiff"), individually and on behalf of all others similarly situated, hereby files this Complaint against DEFENDANT POLK COUNTY PUBLIC SERVICE, INC. ("Defendant") and for this cause of action states the following:

### *Nature of the Claim*

1. Plaintiff brings this action individually and on behalf of all others similarly situated – pursuant to the collective action provision of 29 U.S.C. § 216(b) – to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, which have deprived Plaintiff and others similarly situated of their lawful wages.

2. This action seeks unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Additionally, Defendant is subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5. Plaintiff is a resident of Haralson County, Georgia and was employed by Defendant from February 2011 to December 2012 at Defendant's office located in Cedartown, Georgia.

6. Defendant is organized under the laws of the State of Georgia, is authorized to do business in the State of Georgia, and maintains a corporate office

at 291 Huntington Rd., Cedartown, Georgia 30125.  Defendant can be served via its registered agent, Roger H. Tillery, located at 444 Huntington Rd., Cedartown, Georgia 30125.

### *Factual Allegations*

7.	At all times relevant to this action, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and was not exempt from the overtime provisions of the FLSA.

8.	At all times relevant to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

9.	Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof.  Defendant employed Plaintiff as a plumber at its Cedartown location.

10.	At all times relevant to this action, Defendant classified all plumbers and hourly workers who assist plumbers, including Plaintiff, as non-exempt for FLSA purposes and paid them on an hourly basis.

11.	Plaintiff was a non-exempt employee within the meaning of the FLSA throughout his employment with Defendant and was subject to the overtime

provisions of the FLSA.  Other plumbers and hourly workers who assist plumbers who were employed by Defendant performed similar non-exempt duties and were compensated in a manner similar to Plaintiff.

12. During his employment, Plaintiff regularly worked hours in excess of 40 hours per week for which Defendant failed to compensate him.  Plaintiff's supervisors were aware of the hours Plaintiff worked for which he was not compensated.

13. Plaintiff was deprived of compensation to which he was entitled through Defendant's custom and/or practice of failing to credit plumbers and hourly workers who assist plumbers for all hours worked – specifically, Defendant's custom and/or practice of routinely requiring plumbers and hourly workers who assist plumbers to perform compensable work "off-the-clock."  This "off-the-clock" compensable work included, but was not limited to, preparing for jobs and travelling between job sites and the warehouse and office to perform additional work.

14. As a result of this custom and/or practice, Defendant failed to credit and pay Plaintiff properly for all overtime hours he worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

15. Defendant has willfully and intentionally failed and/or refused to compensate Plaintiff and other current and former plumbers and hourly workers who assist plumbers in accordance with the FLSA.

16. Plaintiff has retained The Weiner Law Firm LLC to represent him in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

### *Collective Action Allegations*

17. Numerous current and former employees of Defendant exist who are similarly situated to Plaintiff, were denied proper compensation in violation of the FLSA, and who would benefit from issuance of Court-supervised notice of this lawsuit. Those similarly situated current and former employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

18. Those current and former employees similarly situated to Plaintiff include individuals employed by Defendant as plumbers and hourly workers who assist plumbers who performed work off-the-clock and were not credited and paid properly for all overtime hours worked during any pay period falling within three chronological years immediately preceding the filing of this Complaint and continuing thereafter through the date on which final judgment is entered in this action.

19. Plaintiff consents to participate in this collective action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

**(Overtime Compensation Due Under 29 U.S.C. § 207)**

20. Plaintiff re-alleges paragraphs 1 through 19 above and incorporates them here by reference.

21. By engaging in the conduct described above, Defendant failed to pay Plaintiff and all similarly situated individuals at a rate of pay not less than one and one half times their regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

22. Specifically, Defendant failed to compensate Plaintiff and similarly situated current and former employees for all overtime wages earned through their custom and/or practice of requiring all plumbers and hourly workers who assist plumbers to perform work off-the-clock without proper compensation, in violation of the FLSA.

23. Defendant's actions in failing to compensate Plaintiff and persons similarly situated in accordance with the FLSA were willful, within the meaning of

29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff and similarly situated individuals.

24.   As a result of Defendant's violation of the FLSA, Plaintiff and all similarly situated individuals are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff and all similarly situated individuals:

    i.    damages in the amount of their respective unpaid overtime wages, according to proof, and pursuant to the FLSA;

    ii.    an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

    iii.    prejudgment interest;

    iv.    costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

    v.    reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

vi. such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: March 13, 2013

                              By: s/ Andrew L. Weiner
Andrew L. Weiner
Georgia Bar No. 808278
aw@atlantaemployeelawyer.com
Stacy L. Rushing
Georgia Bar No. 557370
rushing@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center | 3rd Floor
Atlanta, GA  30305
Tel.: (404) 254-0842
Fax: (866) 800-1482

COUNSEL FOR PLAINTIFF