# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

| | | |
|---|---|---|
| BRANDON JAMES, individually and on behalf of all those similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 3:13-cv-00045-TCB |
| POLK COUNTY PUBLIC SERVICE, INC., | ) ) ) | |
| Defendant. | ) | |

## JOINT MOTION TO APPROVE THE SETTLEMENT OF PLAINTIFF'S CLAIMS UNDER THE FAIR LABOR STANDARDS ACT

The parties hereby file this Joint Motion to Approve The Settlement Of Plaintiff's Claims Under The Fair Labor Standards Act ("FLSA"). Upon review of the proposed settlement for fairness, the parties request the Court to enter a Consent Order Of Settlement Approval And Dismissal With Prejudice, pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). As discussed below, the proposed settlement is a reasonable compromise of Plaintiff's claims and furthers implementation of the FLSA in Defendant's workplace. See Dees v Hyrdradry, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010).

## The Settlement is Fair and Reasonable

On March 13, 2013, Plaintiff Brandon James (hereinafter referred to as "Plaintiff") filed his Complaint against Defendant Polk County Public Service, Inc. (hereinafter referred to as "Defendant"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "FLSA"). Doc 1. Defendant denies any FLSA violations.  Doc. 6.  The parties engaged in discovery and have entered into a Mutual General Release And Settlement Agreement respecting the FLSA claims asserted by Plaintiff (a copy of which is attached hereto as Exhibit "A" and hereinafter the "Settlement Agreement").

The Settlement Agreement represents a fair and reasonable compromise of Plaintiff's claims against Defendant.  Defendant's payments under the Settlement Agreement total Twenty-Four Thousand Dollars and No Cents ($24,000.00).  This figure is comprised of wages to the Plaintiff in the amount of Seven Thousand Two Hundred Dollars and No Cents ($7,200.00), non-wage income to the Plaintiff in the amount of Seven Thousand Two Hundred Dollars and No Cents ($7,200.00), and attorney's fees and costs to counsel for the Plaintiff, The Weiner Law Firm LLC, in the amount of Nine-Thousand Six Hundred Dollars and No Cents ($9,600.00).  The amount of the settlement has already been paid by check to Andrew Weiner, Esq., The Weiner Law Firm LLC, 3525 Piedmont Rd., 7

Piedmont Center, 3rd Floor, Atlanta, Georgia 30305.

Plaintiff's Complaint sought unspecified damages on the allegation that the Defendant failed to properly pay overtime wages to Plaintiff in connection with his work as a plumber for the Defendant. Plaintiff alleged that he routinely worked in excess of forty (40) hours per week in violation of the overtime provisions of the FLSA for non-exempt employees. Plaintiff claimed that Defendant required Plaintiff to perform "off-the-clock" compensable work, including preparing for jobs, travelling between jobs, and certain warehouse and office work. Defendant denied all substantive allegations asserted by the Plaintiff and further denied any and all violations of the FLSA.

Plaintiff's claims regarding "off-the-clock" work were vigorously denied by the Defendant, with evidence for each side primarily consisting of recollected memories rather than documentary evidence. The parties agree that the evidentiary conflict was sufficient to avoid summary judgment, thereby presenting a significant risk to the parties on the issue of damages. See Shelton v. Family Dollar Stores of Indiana, LP, No. 105-CV-756, 2007 WL 1597650, at *9 n. 9 (S.D. Ind. June 1, 2007)(in denying summary judgment for the defendant, the court observed that "it may be difficult for [the plaintiff] to prove that she worked more than forty hours these weeks" because she had no evidence to corroborate her self-

3

serving testimony).  That is, Plaintiff faced the prospect of failing to convince a jury to award any damages, let alone the amount of the proposed settlement.  By the same token, Defendant faced the risk that a jury would credit Plaintiff's testimony in full and could potentially award damages in excess of the proposed settlement.

Given the risks and factual circumstances, the parties faced substantial litigation expenses to bring the case to conclusion with no guarantee of success. See Leverso v. SouthTrust Bank of Ala., 18 F.3d 1527, 1531 & n. 6 (11th Cir. 1994)(listing the considerations for approving an FLSA settlement).  All parties, and their respective counsel, favored the settlement in light of the evidence and litigation risks they faced.  *Id.*  There has been no collusion or fraud; the settlement was reached through arm's length negotiations between the parties' counsel.  *Id.* Both parties, and their respective counsel, have found the settlement to be fair and reasonable.  *Id.*

### The Amount of Attorneys' Fees is Fair and Reasonable

Plaintiff's counsel has received a payment from the Defendant totaling Nine-Thousand Six Hundred Dollars and No Cents ($9,600.00) in attorneys' fees and costs.  Plaintiff's counsel expended significant time, energy and resources in investigating, filing, litigating, and negotiating the present claims.  The attorneys'

fees and costs paid to Plaintiff's counsel are fair and reasonable under the circumstances and facts of this case.  See Dail v. Georgia A. Arab, Inc., 391 F. Supp. 2d 1142 (M.D. Fla. 2005)("The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settlement an individual [FLSA] action.").

**The Settlement Promotes Implementation of the FLSA in the Workplace**

Defendant asserts that overtime compensation has been paid to other employees in the past and there is no evidence of any history of FLSA non-compliance by the Defendant.   Moreover, although Defendant admits no wrongdoing, paying the amounts agreed upon in the Settlement Agreement will certainly ensure further and continued compliance by the Defendant with its FLSA obligations.

Under the circumstances, the proposed Settlement Agreement furthers and promotes implementation of the FLSA in the workplace.

**Conclusion**

For the foregoing reasons, the parties respectfully request that the Court approve the proposed settlement of Plaintiff's FLSA claims and dismiss this action with prejudice.  A proposed Order is attached hereto for the consideration and convenience of the Court.

Respectfully submitted this ___ day of February, 2014.

/s/ Andrew L. Weiner
Andrew L. Weiner
Georgia Bar No. 808278
aw@atlantaemployeelawyer.com
Stacy L. Rushing
Georgia Bar No. 557370
rushing@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, GA 30305
Tel: (404) 254-0842
Fax: (866) 800-1482

*Attorneys for Plaintiff*

/s/ Jason B. Sanker
Jason B. Sanker, Esq.
Georgia Bar No. 142463
jsanker@msp-lawfirm.com
MCRAE, STEGALL, PEEK, HARMAN,
SMITH & MANNING, LLP
100 East Second Avenue
Post Office Box 29
Rome, Georgia, 30162-0029
Tel: 706-291-6223 (x324)
Fax: 706-291-7429

*Attorneys for Defendant*

## CERTIFICATE OF FONT SIZE

Pursuant to Local Rule 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in compliance with Local Rule 5.1.

Respectfully submitted this ___ day of February, 2014.

| | |
|---|---|
| */s/ Andrew L. Weiner* | */s/ Jason B. Sanker* |
| Andrew L. Weiner | Jason B. Sanker, Esq. |
| Georgia Bar No. 808278 | Georgia Bar No. 142463 |
| aw@atlantaemployeelawyer.com | jsanker@msp-lawfirm.com |
| Stacy L. Rushing | MCRAE, STEGALL, PEEK, HARMAN, |
| Georgia Bar No. 557370 | SMITH & MANNING, LLP |
| rushing@atlantaemployeelawyer.com | 100 East Second Avenue |
| THE WEINER LAW FIRM LLC | Post Office Box 29 |
| 3525 Piedmont Road | Rome, Georgia, 30162-0029 |
| 7 Piedmont Center, 3rd Floor | Tel:  706-291-6223 (x324) |
| Atlanta, GA 30305 | Fax: 706-291-7429 |
| Tel: (404) 254-0842 | |
| Fax: (866) 800-1482 | *Attorneys for Defendant* |

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

BRANDON JAMES, individually and on
behalf of all those similarly situated,

        Plaintiff,

v.

POLK COUNTY PUBLIC SERVICE,
INC.,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.:
3:13-cv-00045-TCB

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day I have electronically filed the foregoing **Joint Motion To Approve The Settlement Of Plaintiff's Claims Under The Fair Labor Standards Act** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Andrew L. Weiner
aw@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, GA 30305

By: *s/ Jason B. Sanker*
Counsel for Defendant